**CHARVET S.A. Appellee,**

v.

**DOMINIQUE FRANCE, INC., Appellant.**

**No. 1206, Docket 83–7977.**

United States Court of Appeals,
Second Circuit.

Argued May 7, 1984.

Decided June 1, 1984.

Howard C. Miskin, New York City (Howard F. Mandelbaum, Colvin, Miskin, Basseches & Mandelbaum, New York City, of counsel), for appellant.

Jesse Rothstein, New York City (Karen Artz Ash, Amster, Rothstein & Engelberg, New York City, of counsel), for appellee.

Before OAKES, VAN GRAAFEILAND and PIERCE, Circuit Judges.

PER CURIAM:

This suit between Charvet S.A. ("the French company") and Dominique France, Inc. ("the New York company") involves the right to use the trademarks "Charvet" and "Charvet et Fils" on men's and women's clothing and accessories. The dispute grew out of a 1919 contract between the parties' predecessors, under which the French company's predecessor authorized the New York company's predecessor to use the name "Charvet et Fils," a name which the French company or its predecessors had used since at least 1908. The United States District Court for the Southern District of New York, Edward Weinfeld, Judge, held that whatever the merits of the French company's claim, the doctrine of laches barred it with respect to goods on which the New York company still uses the marks. Judge Weinfeld also held, however, that the New York company abandoned the use of the trademarks on all products except ties. Thus, the court enjoined the New York company from using the marks on anything but ties, and provided that the French company had the right to use the marks on all other goods. *Charvet S.A. v. Dominique France, Inc.*, 568 F.Supp. 470 (S.D.N.Y.1983). We affirm, relying for the most part on the factual findings and reasoning of the district court.

■ The court's application of the doctrine of laches to the French company's claim was clearly proper. The French company undoubtedly had knowledge of the New York company's use of the disputed marks, including the fact of the New York company's registration of the trademarks in the 1950s. *See* 568 F.Supp. at 474. Despite this knowledge, the French company did not effectively challenge the use of the marks until 1981. Similarly, the court's factual finding that the New York company abandoned its use of the trademarks on all goods except ties is fully supported by the record. *See* 568 F.Supp. at 476 (reciting evidence of abandonment). Thus, the only significant issue on this appeal is whether the finding of abandonment is sufficient to support an injunction against the New York company's future use of the mark on goods other than ties, in light of the related goods doctrine.

■ The related goods doctrine, as applied in this circuit, requires the court to balance the equities in deciding whether to enjoin a junior user from using a trademark on related, noncompeting goods. *McGregor-Doniger Inc. v. Drizzle Inc.*, 599 F.2d 1126, 1130 (2d Cir.1979); *Mushroom Makers, Inc. v. R.G. Barry Corp.*, 580 F.2d 44, 47 (2d Cir.1978), *cert. denied*, 439 U.S. 1116, 99 S.Ct. 1022, 59 L.Ed.2d 75 (1979). *See also Vitarroz Corp. v. Borden, Inc.*, 644 F.2d 960, 965 (2d Cir.1981). The leading case in this circuit, *Polaroid Corp. v. Polarad Electronics Corp.*, 287 F.2d 492, 495 (2d Cir.), *cert. denied*, 368 U.S. 820, 82 S.Ct. 36, 7 L.Ed.2d 25 (1961), outlined the factors to be considered in balancing the equities in particular cases:

> [t]he strength of [the] mark, the degree of similarity between the two marks, the proximity of the products, the likelihood that the prior owner will bridge the gap, actual confusion, and the reciprocal of defendant's good faith in adopting its own mark, the quality of defendant's product, and the sophistication of the buyers.

■ Although the district court did not explicitly discuss the related goods doctrine or the *Polaroid* factors, it implicitly weighed the relevant factors in determining that injunctive relief was appropriate. 568 F.Supp. at 476–77 & n. 14. Particularly in light of the court's finding that the nature of the New York company's business is "radically different from the retail direct store sales previously conducted" and is now "that of a tie wholesaler who sells to commercial stores," we agree that the equities favor the French company's use of the mark on goods other than ties.

Judgment affirmed.